Louise Catherine Walsh
vs. No. 89225.
Annie Carroll

Anthony Walsh
vs. No. 89073.
Annie Carroll

Anthony Walsh
vs. No. 89074.
James V. Carroll

Louise Catherine Walsh
vs. No. 89224.
James V. Carroll

February 9, 1934.

CHURCHILL, J. Heard on motion for a new trial on the ground of newly discovered evidence.

The plaintiffs in the above entitled cases were supported in the main by the testimony of Harry Manes, who states that he was on Smith Street, very near the scene of the accident, at the time that it took place; that his attention was directed to "a couple of children who were in the middle of the street crossing"; that they were walking "inside the yellow line of the cross-walk"; that the automobile involved was coming rather fast; that he "heard a bang" and saw one of the two children get "on the other side of the machine towards himself" and that "the other one got hit".

Stephen P. Carroll was on the opposite side of the street from where Manes stood and at a much greater distance away. He testified he saw two girls, one of them the plaintiff Louise, walk down along Smith Street; that Louise left the sidewalk to cross the street; that the place where she started to cross was not near the crosswalk; that when crossing she was "just trotting along", and that she turned around and waved to somebody on the opposite side of the street, and that the other girl at no time left the sidewalk. He further testified that Louise was struck by the automobile.

The defendants in support of their motion for a new trial now produce two affidavits, one by Mr. Jordan, counsel for the defendants, and one by Mr. Watson, who accompanied Mr. Jordan. These affidavits set forth the result of an interview by Mr. Jordan with one Helen McTiernan. The affiants depose that Helen McTiernan told Mr. Jordan that she was eight years old; that she and Louise walked down Smith Street towards the schoolhouse; that when they were near the crosswalk, they stopped, and that she, Helen, saw a machine coming and warned Louise, "who, paying no attention to the warning, ran into the street"; that she did not see Louise struck and that she, Helen, remained on the sidewalk.

The plaintiffs argue that the affidavits merely affect the credibility of Manes and are, moreover, cumulative.

In reaching the conclusion that the affidavits should be considered, the Supreme Court stated that "the newly discovered evidence has a direct bearing on the accuracy of the testimony of the plaintiff Louise and the witness Manes and tends to corroborate the witness Gannon". The Court characterized the case as "one of extreme difficulty" and that "all the obtainable

evidence bearing on the question should be before the Court before the final decision".

This is the law of this case and this Court is bound to follow it.

The plaintiffs also argue that the testimony of the defendant James V. Carroll convicts him of negligence and that, therefore, the newly discovered evidence is immaterial.

The theory of the defendants was that Louise ran into the automobile and while it is true that the defendant James V. Carroll testified that "I turned around and hit the little girl", the defendants maintain that this is consistent with the position taken by them.

The affidavits represent Helen Mc-Tiernan as saying that she did not see the accident but that she saw enough of the surrounding circumstances to say that Louise ran into the street. This affords some support to the defence interposed.

On the whole, taking the rescript of the Supreme Court as the law of the case, and reading the affidavits in the light of such rescript, this Court is of the opinion that a new trial should be granted.

Motion for a new trial granted in each of the above entitled cases.

For plaintiff: Arthur L. Conaty.

For defendant: Sherwood & Clifford.